### PETER DORY v. CITY OF DULUTH.[1]

January 17, 1908.

Nos. 15,519—(183).

**Defective Sidewalk.**

Action to recover for personal injuries sustained by the plaintiff by reason of an alleged defect in a sidewalk of the defendant city. *Held*, that the trial court did not err either in instructing the jury or in denying the defendant's requested instructions.

Action in the district court for St. Louis county to recover $4,400 damages for personal injuries. The case was tried before Ensign, J., and a jury which rendered a verdict in favor of plaintiff for $950. Defendant's third request, referred to in the opinion, was in these words: "The plaintiff's claim of negligence on the part of the city in this case is based upon the condition of the sidewalk itself. No claim is made of negligence with respect to ice and snow except as the ice and snow condition was the result of the actual condition of the sidewalk itself." From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Bert Fesler,* for appellant.

*Jaques & Hudson,* for respondent.

START, C. J.

Appeal in a personal injury action from an order of the district court of the county of St. Louis denying the defendant's motion for a new trial. The complaint alleged negligence on the part of the defendant in failing to keep in a safe condition a part of one of its public streets, known as Fifty-Fifth Avenue West, at a point where the

---

[1] Reported in 114 N. W. 465.

sidewalk joined a bridge in the street; that the sidewalk was some eight feet above the ground; that there was an open space between the last plank of the bridge and the last plank of the sidewalk, some three inches wide, through which the snow sifted, leaving the snow on each side in place, which resulted in a sharp depression in the sidewalk at the open space, with a rough ridge of hard and frozen snow six to eight inches in thickness on each side of the open space; that this condition in the sidewalk existed from December 20, 1906, to January 31, 1907; that on the morning of the last-named day the plaintiff was walking along the sidewalk on his way to his work, when, without fault on his part, he stepped into the depression, and the toe of his right foot was caught in the open space, whereby he was thrown down and his leg broken. The answer put in issue the defendant's alleged negligence. There was a verdict for the plaintiff in the sum of $950. No question is made in this court that the verdict is not sustained by the evidence, and the sole errors assigned relate to the instructions given to the jury and the refusal of the trial judge to give certain requested instructions.

The jury were instructed as follows: "In this case there was evidently notice of this defect to the street commissioner, if defect it was; and if you find from the evidence that this defect in this sidewalk was open, notorious, and dangerous, and if you find that it existed for a space of time from the 20th of December to the 31st day of January, a period of fifty days, then you may presume, and it will be presumed, that the city had notice of that defect. The length of time the defect has existed, the travel upon that street, and the injury to other persons all determine this question; and you may proceed upon the presumption that the city had notice of this defect, if you find it had been in that condition for the length of time which I have mentioned." The defendant urges that this was error, for the alleged reason that the jury, in effect, were told that if the defect in the street had existed for fifty days it would be constructive notice to the city, without reference to the question whether the defect was open, notorious, and dangerous, or, in other words, that this question was not left to the jury. This is a technical construction of the charge, which must be read and construed as a whole. It is to be noted that the very first

condition stated to the jury as the basis of constructive notice to the city was, "If you find from the evidence that this defect in this sidewalk was open, notorious, and dangerous." The distinction between the condition of the defect and the time it had existed is made clear by the instructions, and we are of the opinion that the condition of the defect was fairly left to the jury to determine. It was not error to give the instruction.

The defendant requested the court to instruct the jury as follows: "Unless you find that the city of Duluth was negligent, under all the circumstances, in maintaining the sidewalk, with the space between the south board of the bridge and the north board of the approach as wide as you may find from the evidence its width was, plaintiff cannot recover." The request was refused, and the action of the court is assigned as error. The ruling of the court was correct, because the request limited the inquiry as to the defendant's negligence to the structural defect, and excluded therefrom all consideration of the depression in the sidewalk and the rough ridges of frozen snow on each side thereof.

There was, for the same reason, no error in refusing the defendant's third request.

Order affirmed.